**OFFICE & PROFESSIONAL EMPLOYEES INTERNATIONAL UNION, LOCAL 42, AFL–CIO, Plaintiff-Appellee,**

v.

**UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, WESTSIDE LOCAL NO. 174, UAW, Defendant-Appellant.**

No. 75–1130.

United States Court of Appeals, Sixth Circuit.

Argued June 5, 1975.

Decided Nov. 18, 1975.

Bruce Miller, Duane F. Ice, Miller, Klimist, Cohen, Martens & Sugerman, Detroit, Mich., for defendant-appellant.

Eugene R. Bolanowski, Bolanowski & Brennan, James P. Brennan, Warren, Mich., for plaintiff-appellee.

Before McCREE and MILLER, Circuit Judges, and TAYLOR,* District Judge.

PER CURIAM.

This is an appeal from the district court's order, upon cross-motions for summary judgment, requiring arbitration of employee grievances in accordance with the terms of the collective bargaining agreement.

The issues on appeal are: (1) whether the district court erred in determining that there were no genuine issues as to

---

\* The Honorable Robert L. Taylor, Judge, United States District Court for the Eastern District of Tennessee, sitting by designation.

material facts, (2) whether the district court erred as a matter of law in determining that a notice from the employees' union to open negotiations and amend and modify a collective bargaining agreement with the employer union did not terminate the agreement, and (3) whether the district judge should have submitted to the arbitrator the determination whether the collective bargaining agreement had been terminated by the notice.

Our recent decisions in *Chattanooga Mailers Union, Local No. 92 v. The Chattanooga News-Free Press Co.*, 524 F.2d 1305, decided October 29, 1975, and *Nashville Newspaper Printing Pressman's Union, Local No. 50 v. Newspaper Printing Corp.*, 518 F.2d 351, decided June 9, 1975, indicate that the district court was correct in determining that the agreement remained in existence. As we said in *Chattanooga News-Free Press*, "A notice to terminate must be clear and explicit. . . . A notice of modification is not a notice of termination and does not affect termination of the contract." At 1312. Clearly, it was for the district judge, not the arbitrator, to decide whether the contract had terminated.

Upon an examination of the record and briefs, we also agree with the district court that there is no genuine issue as to a material fact and that summary judgment in favor of appellees was proper.

The judgment of the district court is affirmed.